HOSKINS *v.* DICKINSON.

CONTRACTS—CONSTRUCTION—PARTNERSHIP—SALE OF INTEREST.

> Plaintiff made a proposition to defendant, his copartner, to buy the latter's interest in the business, plaintiff agreeing to relieve defendant of all responsibility for "obligations incurred or indebtedness now due on account of said business," except a note which defendant had executed to plaintiff in payment for advances made by plaintiff to the firm on defendant's account. Defendant accepted the proposition on the condition, assented to by plaintiff, that defendant should "be relieved from all further liability as to said business, and all expenses or losses * * * from this date." *Held,* that the giving of the note was an individual transaction, and defendant remained liable thereon.

Error to Wayne; Hosmer, J. Submitted April 10, 1900. Decided May 2, 1900.

*Assumpsit* by Charles H. Hoskins against Charles D. Dickinson on a promissory note. From a judgment for defendant, plaintiff brings error. Reversed.

Plaintiff's suit is based upon a promissory note for $400, dated July 12, 1898, executed by the defendant to the plaintiff. Plaintiff was engaged in the ticket brokerage business in the city of Detroit, which was carried on under the name of Charles H. Hoskins & Co. On March 22, 1898, he sold to defendant a half interest in the business for $1,000, and executed to him a bill of sale of a one-half interest in the property and business. They executed the usual articles of copartnership, the terms of which are immaterial. In May, 1898, plaintiff had tickets of the value of $800, which he put into the business. Defendant did not have the money, and gave the plaintiff two promissory notes for $200 each in payment for the amount thus advanced by plaintiff to the firm for him. Subsequently

these two notes were taken up, and the note in question executed instead.   On August 5, 1898, plaintiff made a proposition to buy the defendant's interest in the business. The proposition was to convey to defendant, by warranty deed, certain parcels of land, in full for his interest.   The proposition then states :

"I further agree to relieve you of any and all responsibility for any obligations incurred or indebtedness now due on account of said business, except note for $400.00, dated July 12, part of original purchase due C. H. Hoskins; the sale, if you accept this proposition, to date from Wednesday, August 3, 1898, up to which time you are entitled to draw your pay as agreed upon in the partnership contract."

To this defendant replied:

"I accept the above and foregoing proposition on condition that I am to be relieved from all further liability as to said business, and all expenses or losses, if any incurred, from this date to be borne by you, with further understanding that I am to remain jointly in possession with you of said partnership property until the deed of conveyance of the lots above offered by you is delivered to me, which it is understood shall not be later than ten days from August 3d."

This arrangement was subsequently carried out.   The note remained in plaintiff's possession, and defendant made no demand for its surrender.   Defendant refused payment, and hence this suit.   The defense is that the note was included in the settlement under the language, "I am to be relieved from all further liability as to said business."   This question was left to the jury, who found for the defendant.

*Julian G. Dickinson*, for appellant.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for appellee.

GRANT, J. (*after stating the facts*).   The contract is evidenced by plaintiff's proposition and defendant's reply. If there were any ambiguity in the terms of the contract,

the fact that plaintiff retained the note, and the defendant did not demand it, would clearly show the understanding between the parties. We think, however, that there is no ambiguity in the instrument. The proposition was to relieve defendant of any and all responsibility for any "obligations incurred or indebtedness now due on account of said business," except this note. Evidently defendant had some doubt as to whether the contract included future liability and future expenses or losses while the business continued. He therefore inserted the condition in his acceptance to remove all doubt upon this point. The business was to continue until the deeds were executed, which was not done until some time after. The precise date I do not find stated in the record. It does appear that on August 13th the agreement was continued in force for 20 days longer. The note did not represent a partnership matter or a partnership liability. It was a personal transaction between the two, and represented a loan of money by one to the other. The contract was unambiguous. It was a settlement of their partnership matters, and not of their individual transactions with each other. The court should have directed a verdict for the plaintiff.

Reversed, and new trial ordered.

The other Justices concurred.